IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO.  2:10 cr 088 |
| v. : | |
| : | JUDGE  GRAHAM |
| MARIA TERECHINA, : | |
|   aka Maria Terechina Ulaj : | |

GOVERNMENT SENTENCING MEMORANDUM

The defendant, MARIA TERECHINA, also known as Maria Terechina Ulaj, is scheduled to be sentenced on Friday, December 17, 2010. The Assistant Attorney General for the Civil Rights Division and the United States Attorney respectfully submit this sentencing memorandum for the Court's consideration.

The United States submits that the United States Sentencing Guidelines' calculations set forth in the Final Presentence Investigation Report ("PSR") are correct and that Defendant Terechina's base offense level under U.S.S.G. §2L1.2(a) is **24**, and that this defendant further should receive credit for his acceptance of responsibility, which brings the appropriate offense level to **21,** with a Criminal History Category of I. The government also has presented a prior memorandum that is likely to affect sentencing consideration through a departure from the above-referenced offense level.

In addition to consideration of the Sentencing Guidelines, the Court also must look to the factors set forth in 18 U.S.C. §3553(a). With respect to the requirement that the Court "shall consider ... the nature and circumstances of the offense" (§3553(a)(1)), the United States invites the Court's attention to the following facts:

Defendant MARIA TERECHINA, a native of Russia (and now a naturalized United States citizen), while living in New York City, was recruited by other former Russians (some of her co-conspirators) and persuaded to move to Columbus, Ohio, in order to supervise business operations for several companies that provided housekeeping and other services to hotels located in the Southern District of Ohio. From 1999 until 2007 she worked with co-conspirators in those businesses employing alien laborers who were not authorized to work in the United States, while at the same time taking steps to prevent the authorities from detecting the true status of those alien employees. Defendant Terechina exercised control over the lives of these foreigners by dictating where they lived, transporting them between that housing and work sites, and by holding passports and related immigration documents of some of those laborers in order to ensure that they would continue to work. Importantly, Defendant Terechina also agreed with her co-conspirators to defraud the United States through the filing of false tax returns. This illegal conduct was on-going, continuing over several years. During those years, Defendant Terechina exploited the labor of dozens of workers and defrauded the United States of approximately $185,000 in tax revenues.

As a result of this above-referenced activity, Defendant MARIA TERECHINA has been charged with, and entered a plea of guilty to, conspiracies to (A) defraud the United States by obstructing the Internal Revenue Service from properly computing and collecting income taxes, Social Security and Medicare taxes and unemployment taxes; and (B) to commit offenses against the United States by (1) possessing the passports and immigration documents of laborers in order to restrict the liberty of these victims and to maintain their services, (2) transporting

illegal aliens for commercial advantage and private financial gain, and (3) harboring illegal aliens – also for financial benefit.

Pursuant to 18 U.S.C. §3553(a)(1), "the history and characteristics of the defendant" must also be considered by the Court. Those factors show that Defendant Maria Terechina is now 47-years-old and came to the United States from Russia when she was 28, lived in New York City for six years and then moved to Columbus. She became a naturalized U.S. Citizen in 2003. She has raised two sons who also emigrated from Russia, one of whom is gainfully employed while the other is a student at the Columbus College of Art and Design. She lives with her sons and her 73-year-old mother, and part-time with a young granddaughter. It appears that this defendant has been employed for most of her adult life, albeit a significant portion having been focused upon the illegal activity described and charged in the Information.

As directed under 18 U.S.C. §3553(a), the Court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes are as follows:

The need for a sentence -

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

"(B) to afford adequate deterrence to criminal conduct;

"(C) to protect the public from further crimes of the defendant; and

"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

With respect to these stated sentencing purposes the United States Attorney believes that the instant offense is serious, especially when considering the number of workers Defendant

Terechina exploited.  The defendant's actions suggest that she has little respect for (a) fellow foreigners in the United States, (b) U.S. immigration laws, (c) U.S. tax laws and (d) U.S. labor laws.  While the government is satisfied that this defendant likely will not engage in criminal activity in the future, her sentence should provide just punishment for her blatant disregard of the law and her exploitation of so many victims.

Additionally, the sentence must afford adequate deterrence to others who might consider similar on-going criminal conduct.  Human trafficking is a growing problem in the United States and throughout the world as made clear by Congress in October 2000 through its findings regarding human trafficking, through its enactment of the Trafficking Victims Protection Act, and through subsequent related legislation.  *See* 22 U.S.C. §§7101 *et seq* (legislative purposes and findings).  The government believes that the sentence in this case should send a message that the United States will not tolerate those who unlawfully compel the labor or services of their workers.

Another factor to be considered at sentencing is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."   18 U.S.C. §3553(a)(6).  In *United States v. Oleg "Alex" Mendyuk*, USDC SD Ohio Case No. 2:07 CR 038, in similar, and related, circumstances the Court imposed an 18-month sentence.  The government respectfully suggests that a comparison between the offense of Defendant Terechina and the sum of illegal activities of Defendant Mendyuk in the previous case, taken together with their respective histories and characteristics, as well as all of the other circumstances of this case, would call for a somewhat lesser sentence for Defendant Terechina.

Based upon the above analysis, the government suggests that a sentence of incarceration of seventeen (17) months would be sufficient for Defendant Maria Terechina, but not greater than necessary, to comply with the applicable law and policies of sentencing.  The government further recognizes that the Court will order Defendant Terechina to pay restitution as set forth in the PSR, a significant amount of which she has already paid, and that certain agreed forfeitures also should be ordered.

In conclusion, the United States respectfully requests the Court to impose a sentence consistent with the points addressed in this memorandum.

    Respectfully submitted,

    CARTER M. STEWART
    United States Attorney

    s/Daniel A. Brown
    DANIEL A. BROWN  (0023147)
    Assistant United States Attorney


    THOMAS E. PEREZ
    Assistant Attorney General
    United States Department of Justice
    Civil Rights Division

    s/Ryan R. McKinstry
    RYAN R. McKINSTRY  (Utah 08628)
    Trial Attorney, Criminal Section
    (202) 514-3204
    Fax: (614) 514-8336
    Ryan.McKinstry@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing sentencing memorandum was served this 13th day of December, 2010, electronically on:  Bradley Davis Barbin, Esquire.

s/Daniel A. Brown
DANIEL A. BROWN  (0023147)
Assistant United States Attorney
303 Marconi Blvd.,  Suite 200
Columbus, Ohio  43215
(614) 469-5715
Fax: (614) 469-5653
dan.brown@usdoj.gov